RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/17/06
BY DM

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

BOBBY KIRKENDOLL

CRIMINAL NO. 05-50107

JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is a "Motion For Rehearing On Sentence To Correct Arithmetical And Clear Error Pursuant To Rule 35, And Motion To Reconsider Sentence" filed by the defendant, Bobby Kirkendoll ("Kirkendoll"). See Record Document 35. Based on the following, Kirkendoll's motion is **GRANTED**.

Kirkendoll was sentenced by this court on Thursday, October 5, 2006. Prior to sentencing, the government filed a motion under 18 U.S.C. § 3553(e), based on Kirkendoll's substantial assistance, which authorized the court to sentence Kirkendoll below the 120 month statutory mandatory minimum imposed by count three. The court subsequently sentenced Kirkendoll to a term of 144 months on count three and 120 months on count four, with the terms to run concurrently. Kirkendoll then filed the instant motion under Federal Rule of Criminal Procedure

35, contending the court committed error when it failed to sentence him below the 120 month minimum, in light of the government's motion and the assistance he has provided to federal authorities.

Rule 35 sets forth the court's scope of authority when correcting a sentence. It provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Here, the court's intention was to depart below the lowest permissible sentencing range by twenty-four months. Prior to the section 3553(e) motion, the guideline range was between 168 months and 210 months. By reducing the bottom guideline range of 168 months by twenty-four months, the court arrived at the 144 month sentence it imposed.

However, the court erred by starting its calculation at 168 months (the bottom of the guideline range <u>prior</u> to the consideration of the section 3553(e) motion) and instead should have commenced the mathematical computation from the point authorized by the government's substantial assistance motion. Recalculating the sentence with these principles in mind, the court determines that Kirkendoll should have received a twenty-four month deduction from a term of 120 months (rather than 168 months), thus resulting in a sentence of ninety-six months. Accordingly;

**IT IS ORDERED** that Kirkendoll's motion to correct his sentence under Rule 35(a) (Record Document 35) is **GRANTED**. The judgment of sentencing shall be

amended only to the extent that it reflects a sentence of ninety-six months for count three and ninety-six months for count four, with the sentences to run concurrently. The judgment will otherwise remain unaltered.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of October, 2006.

_____
JUDGE TOM STAGG