RECEIVED
JUL 1 2 2011
TONY R. MOORE, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                                         CRIMINAL NO. 05-50107-01
                                                          JUDGE TOM STAGG

BOBBY KIRKENDOLL

## MEMORANDUM ORDER

Before the court is a motion to reconsider the amended order regarding relief under 18 U.S.C. § 3582(c)(2) filed by Bobby Kirkendoll ("Kirkendoll"). See Record Document 54. Kirkendoll's counsel contends that there was "no justifiable reason on the record" to deny his reduction of sentence and that the court "has not articulated any specific reason why it has declined to exercise *its discretion* to grant" him relief. Id. (emphasis added).

Defense counsel accurately notes that on October 15, 2008, Kirkendoll filed a memorandum seeking a comparable reduction of his sentence under 18 U.S.C. § 3582(c)(2). See Record Document 43. This court declined, in its discretion, to grant Kirkendoll relief. See Record Document 47. Kirkendoll appealed this decision to the Fifth Circuit Court of Appeals. The case was consolidated with two other similar cases decided by two other district court judges in the Shreveport Division of this district. The Fifth Circuit vacated the district courts' judgments and

remanded Kirkendoll's case, along with the two other consolidated cases, and instructed the district courts to "reconsider the [section] 3553(a) factors when deciding whether to reduce a sentence in response to a [section] 3582(c)(2) motion." United States v. Kirkendoll, et al., 636 F.3d 713, 719 (5th Cir. 2011).[1]

As need not be explained, this court, as the sentencing judge, not only read the presentence report prior to sentencing, listened to counsels' arguments and was intimately familiar with the characteristics and criminal record of this defendant. When Kirkendoll filed his motion pursuant to 18 U.S.C. § 3582(c)(2), the court again reread the presentence report and thoroughly reviewed the briefs filed by both Kirkendoll and the government. The court's decision to deny Kirkendoll's request for comparable reduction was not made lightly or without thorough consideration of his record and the factors in section 3553.[2] Furthermore, as Kirkendoll points out

---

[1] This court is perplexed as to why counsel chose to file a motion for reconsideration in only one of the three cases about which she complains, when counsel specifically noted in the motion to reconsider that the language of the orders is similar in all three of the consolidated cases.

[2] His initial sentence exposure was at level 33 with a range of 168-210 months. Based on a government motion pursuant to 18 U.S.C. § 3553(e), the sentence was set at 144 months. Under a Rule 35 Correction of Sentence, a further reduction to 96 months was made. For this defendant, a maximum exposure of 210 months was the subject of reductions totaling 114 months (subtracting his sentence of 96 months from the top of his initial guideline range of 210). His minimum exposure reduction totaled 72 months (subtracting his sentence of 96 months from bottom of his initial guideline range of 168). Although he gave substantial assistance to the government, he was very involved in this area's narcotics business.

in his motion, it is entirely within the court's discretion to grant or deny a comparable reduction pursuant to section 3582(c)(2). Most importantly, as noted by defense counsel and calling into question counsel's filing of the instant motion, a court is not required to explicitly detail the use of its discretion when issuing orders on section 3582(c)(2) motions. See United States v. Evans, 587 F.3d 667, 674 (5th Cir. 2009); see also Record Document 54 at 3. Accordingly;

**IT IS ORDERED** that the motion for reconsideration (Record Document 54) is **DENIED**.

**THUS DONE AND SIGNED** on this 12th day of July, 2011, in Shreveport, Louisiana.

_____
TOM STAGG
UNITED STATES DISTRICT JUDGE